J-S45045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILLY GIBSON | : | |
| | : | |
| Appellant | : | No. 1852 EDA 2018 |

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008036-2013

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                          **FILED AUGUST 16, 2019**

Billy Gibson (Gibson) appeals from the order entered in the Court of Common Pleas of Philadelphia County (trial court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, without a hearing.  We affirm.

We take the following facts and procedural history from the July 1, 2016 memorandum decision issued in Gibson's case on direct appeal and our independent review of the record.  This case stems from Gibson's arrest after police acted on a tip from a known, confidential informant (CI), conducted a **Terry**[1] pat-down of his person at a bar and discovered drugs (crack cocaine

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Terry v. Ohio**, 392 U.S. 1 (1968).

and Percocet) and a gun. Police also recovered additional narcotics during the search of Gibson's vehicle. On March 11, 2015, the trial court denied Gibson's motion to suppress and motion to reveal the identity of the CI.

The case proceeded to a bench trial and the court found Gibson guilty of possession with intent to deliver a controlled substance, possession of a controlled substance, person not to possess a firearm, carrying a firearm without a license, and carrying a firearm in public in Philadelphia.[2] On July 17, 2015, the court sentenced Gibson to an aggregate term of not less than fifty-six nor more than 120 months' incarceration followed by five years of probation. This Court affirmed his judgment of sentence and our Supreme Court subsequently denied his petition for allowance of appeal on October 24, 2016.

Gibson, acting *pro se*, filed the instant PCRA petition on February 2, 2017, and appointed counsel filed an amended petition. After issuing notice of its intent to do so, the PCRA court entered its order dismissing the petition. **See** Pa.R.Crim.P. 907(1). This timely appeal followed.

First, Gibson challenges the PCRA court's denial of his PCRA petition without holding an evidentiary hearing when he raised meritorious issues

---

[2] 35 P.S. §§ 780-113(a)(30) and (a)(16); 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 6108.

concerning the ineffective assistance of trial and appellate counsel and prosecutorial misconduct. (**See** Gibson's Brief, at 3, 8-12).[3]

At the outset, we note that "[a] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." **Postie**, **supra** at 1022 (citation omitted).

Next, Gibson argues that his trial counsel was ineffective for failing to obtain a police All Incidents Report (Report) showing the exact times that calls were made at the address of the subject bar.[4] (**See** Gibson's Brief, at 9-10). Gibson asserts that because the police testified that the radio call containing the flash information was broadcast at approximately 12:45 a.m., counsel should have obtained the Report to demonstrate the officers' lack of credibility. (**See id.**).

"The law presumes counsel has rendered effective assistance." **Postie**, **supra** at 1022 (citation omitted). "In general, to prevail on a claim of

_____

[3] "Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v. Postie**, 200 A.3d 1015, 1022 (Pa. Super. 2018) (*en banc*) (citations omitted).

[4] The Report shows calls made at 12:56 a.m. and 1:35 a.m. for "investigation of persons" and "weapon violations," respectively. (**See** Exhibit A to Amended PCRA petition, 9/26/17; Trial Court Opinion, 7/30/18, at 5).

ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* (citation omitted). "The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* (citation omitted). "The petitioner bears the burden of proving all three prongs of the test." *Id.* (citation omitted). "A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Id.* at 1023 (citation omitted). "[T]he ultimate question of whether facts rise to the level of arguable merit is a legal determination." *Id.* (citation omitted).

Instantly, Detective Falcone testified that "just after midnight" he received a phone call from the CI and he immediately "relayed the flash information what the guy was wearing that was armed with a handgun." (N.T. Trial, 3/11/15, at 7-8). Police Officer Kozlowski similarly testified that "in the early morning hours . . . there was a radio call that came out for that location." (*Id.* at 14). After review, we agree with the PCRA court's conclusion that "[Gibson] failed to explain how the exact times of these calls, rather than an estimate, renders the testimony of the officers incredible." (Trial Ct. Op., at

5). Because Gibson has failed to demonstrate that his underlying claim regarding the impeachment value of the Report would have any probability of making the outcome of the proceedings different, his ineffectiveness claim merits no relief.

Gibson also maintains that trial and appellate counsel were ineffective for failing to challenge the trial court's deficient jury waiver colloquy, which the court conducted only after finding him guilty. (*See* Gibson's Brief, at 8, 10-11).

The relevant rule of criminal procedure provides:

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

"The constitutional right to trial by jury, as with other constitutional rights, will not lightly be deemed to have been waived. In fact, courts indulge every reasonable presumption against waiver of such fundamental constitutional rights." *Commonwealth v. Washington*, 2019 WL 2146074, at *2 (Pa. Super. filed May 16, 2019) (citation omitted). Nevertheless, a criminal defendant may waive his right to a jury trial and proceed to trial before a judge, provided his waiver is knowing and voluntary." *Id.* (citation

omitted).  The defendant "must be aware of the essential ingredients inherent to a jury trial," which are "1) that the jury be chosen from members of the community (*i.e.*, a jury of one's peers), 2) that the accused be allowed to participate in the selection of the jury panel, and 3) that the verdict be unanimous."  ***Id.*** (citation omitted).  A reviewing court considers the totality of the circumstances surrounding a defendant's waiver to determine whether it was voluntary.  ***See id.***

Here, the trial court found Gibson guilty after hearing extensive testimony on the motion to suppress, which was incorporated by reference into a waiver trial.  (***See*** N.T. Trial, 3/11/15, at 59-61).  The court then conducted a thorough, oral colloquy with Gibson, confirming his awareness of his right to a jury trial by his peers and that the verdict would need to be unanimous.  (***See id.*** at 61-63).  The court expressly advised Gibson:  "If you still want a jury time, you can have one[.] . . . [I]f you want to exercise your constitutional rights to a jury trial which is guaranteed by the United States and Pennsylvania Constitution[,] not only would [defense] counsel help in defending you against the Commonwealth's presentation of its evidence in its case in chief, he would help you in selecting those jurors." (***Id.*** at 61).  After the court was "thoroughly convinced" of the knowing and voluntary nature of Gibson's waiver, Gibson executed a written waiver colloquy, further demonstrating his understanding of the rights he was waiving.  (***Id.*** at 64; ***see also*** Written Jury Trial Waiver Colloquy, 3/11/15, at 1-4).

Based upon the totality of these circumstances, Gibson has failed to meet his burden of establishing that his underlying claim of a deficient jury waiver colloquy has arguable merit. Accordingly, his claim of trial and appellate counsel ineffectiveness on this basis fails.

Last, Gibson contends that at trial, the prosecutor engaged in misconduct by knowingly presenting false testimony from police officers regarding the time flash information was broadcast over police radio. (**See** Gibson's Brief, at 11-12). However, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence: "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Accordingly, because Gibson could have raised his claim of prosecutorial misconduct in his direct appeal to this Court but failed to do so, this issue is waived. **See Commonwealth v. Ford**, 809 A.2d 325, 329 (Pa. 2002), *cert. denied*, 540 U.S. 1150 (2004) (finding claims of prosecutorial misconduct waived under the PCRA where appellant could have raised them on direct appeal, but failed to do so.). Thus, we conclude that the PCRA court did not err in dismissing Gibson's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/19